UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OSCAR NOE RECINES-GARCIA, et al.<br><br>**Defendants** | Criminal No. 15-10338-FDS |

**EMERGENCY MOTION FOR PROTECTIVE ORDER
REGARDING PUBLIC DISCLOSURE OF COOPERATING WITNESSES**

The United States of America moves for a Protective Order from the Court directing all parties to refrain from naming the government's cooperating witnesses (CWs) in any public filing.  The government respectfully asks that the Court issue an immediate Order to this effect, subject to hearing further arguments and any potential opposition from the parties at upcoming status conferences.  As grounds therefore, the government states as follows:

1.  This case involves the prosecution of dozens of members of the transnational criminal organization known as Mara Salvatrucha or MS-13.  As one appellate court has noted, "Violence defines MS-13's mission" and "those who cooperate with the police face penalty of death."  *United States v. Ayala*, 601 F.3d 256, 260 (4th Cir. 2010).

2.  Consistent with how MS-13 operates in other states, the government's investigation in this case has uncovered evidence that MS-13 cliques in Massachusetts also seek to kill those individuals believed to be cooperating with law

enforcement. The government has shared some of the evidence surrounding this issue with the defendants during discovery. At the November trial, the government will present evidence of members of the Enfermos clique conspiring to murder CW-2 for his suspected cooperation with law enforcement.

3. The government's investigation has also revealed that lower level MS-13 members often need approval or a "green light" when killing a cooperator. Further, the government has learned that when MS-13 leaders "green light" the killing of a cooperating witness, they often seek proof that an individual is cooperating with the government; falsely or wrongly accusing an individual of cooperating with law enforcement is itself grounds for punishment. Accordingly, MS-13 members seeking authorization for a murder—or seeking to authorize a murder—often seek written proof in court documents that an individual is cooperating with law enforcement.

4. Because of concerns about the safety of cooperating witnesses who were at one time associated with MS-13, the government has taken significant steps to minimize disclosures about their identities. Among other things, the government has provided discovery materials in redacted form to shield the identities of its cooperating witnesses, and until last week, the government held off on officially providing the names of cooperating witnesses to any counsel for the defense. Previously, the government had only referred to these witnesses as cooperating witnesses or CWs, with each cooperating witness given a different CW number. To

date, during discovery, the government has provided information about fifteen different cooperating witnesses (CW1 through CW15).

5.  Given the upcoming trial of the "Group Four" defendants in November, the government filed its witness list for the first trial last week (again choosing not to name its cooperating witnesses publicly). After filing its witness list under seal, the government then personally notified the remaining Group Four lawyers about the identities of cooperating witnesses who may testify at the first trial. Until late last week, the government had not provided the legal names of its cooperators or confirmed their identities to the defense (although based on conversations between counsel for the parties, most of the defense lawyers in the case have figured out who most of the cooperating witnesses are).

6.  Now that the government has named and confirmed the identities of some of its cooperating witnesses, the government has even greater concerns about the safety of its witnesses. The government is not suggesting that counsel for the defense would deliberately compromise the safety of witnesses. However, any defense filings that name the cooperators in court papers would necessarily provide the kind of proof that MS-13 members seek when trying to learn or confirm the identities of cooperating witnesses.

7.  Accordingly, the government seeks an immediate Order that the parties not name any of the government's cooperating witnesses in public filings. This Order will not prejudice the defendants in any way or prevent them from raising any arguments or filing any motions with the Court. If discussion of these

CWs is needed, the defendants could simply refer to these witnesses by their CW number (*e.g.*, Motion to exclude testimony regarding [x] by CW-1).  Defendants would also retain the ability to file papers under seal if they so desired.

8.    Based on the significant concerns regarding witness safety, the government respectfully requests that the Court issue an immediate Protective Order prohibiting the disclosure of the government's cooperating witnesses in public filings and directing the parties to either (1) reference any cooperating witnesses by their CW number in public filings, or (2) submit filings regarding cooperating witnesses under seal.

9.    The government further requests that the Court direct any parties who may wish to oppose this Motion to file an opposition under seal or to raise this issue at the next status conference, but the government requests that the Court not wait until such oppositions are briefed and argued to issue the relief the government seeks.  The Protective Order the government seeks can be modified or revoked if circumstances change, but for now, the Court should issue an Order prohibiting the public disclosures of the names and identities of the government's CWs.

Respectfully submitted,<br>
WILLIAM D. WEINREB<br>
Acting United States Attorney<br>
<br>
By:    /s/ Kunal Pasricha<br>
KUNAL PASRICHA<br>
GLENN A. MACKINLAY<br>
CHRISTOPHER POHL<br>
KELLY LAWRENCE<br>
Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

|  |  |  |
|---|---|---|
|  | By: | /s/ Kunal Pasricha |
|  |  | KUNAL PASRICHA |
|  |  | Assistant United States Attorney |

Date: October 15, 2017